UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALERIE MOSS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) CASE NO.  1:20-CV-2047 |
| DOLGENCORP, LLC | ) ) |
| Defendant. | ) ) ) ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Dolgencorp, LLC, by counsel, hereby files this Notice of Removal to remove the above-entitled civil action from the Superior Court of Marion County, Indiana, to this Court based upon the following supporting grounds, appearing solely for the purpose of removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

1. Copies of all process and pleadings filed and/or received by Defendant and the docket sheet for the Marion County Superior Court action, as of August 3, 2020, are attached hereto and incorporated herein as Exhibit 1.

2. Dolgencorp, LLC is a defendant in a Complaint filed in the Marion County Superior Court, entitled *Valerie Moss v. Dolgencorp, LLC*, under Case No. 49D14-2007-CT-021752, a copy of which is attached hereto as Exhibit 2.

3. Plaintiff, Valerie Moss (hereinafter "Plaintiff"), filed her Complaint on July 1, 2020. In her Complaint, Plaintiff alleges damages arising from an incident on March 13, 2020, inside a Dollar General store located in Indianapolis, Marion County, Indiana. Plaintiff alleges that a "shelf stocked with merchandise fell onto" her and that Defendant was negligent in failing to inspect and maintain its premises. Exhibit 2.

4. A summons and copy of the Complaint were served on Defendant by certified mail on July 6, 2020. Thus, this notice of removal is being filed within thirty (30) days after Plaintiff's service of the initial pleading in this matter on Defendant and is therefore timely under 28 U.S.C. §1446(b).

5. Plaintiff's Complaint provides no information as to Plaintiff's domicile; however, a search of public records gives Defendant a reasonable basis to believe that she resides in Indianapolis, Marion County, Indiana. *See* Exhibit 3. Therefore, Plaintiff is a citizen of Indiana.

6. Defendant Dolgencorp, LLC is a foreign limited liability company. The sole member of Dolgencorp, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in Tennessee and has its principal place of business in Tennessee. Therefore, Dolgencorp, LLC is a citizen of Tennessee.

7. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332(a).

8. Plaintiff's Complaint provides no information regarding the value of her claims. However, she alleges that she sustained "serious" injuries and that she "has incurred medical expenses and other special expenses, and will incur future medical expenses, lost wages, and other special expenses." On July 16, 2020, Undersigned Counsel sent an email to Plaintiff's counsel, and followed it up with phone calls/voicemail messages on July 23, 2020, and July 31, 2020, to inquire as to the nature and value of Plaintiff's damages. The email also included an inquiry regarding whether Plaintiff would stipulate that her damages do not exceed $75,000. As of the date of this filing, Undersigned Counsel has not received a response. Therefore, based on the limited information available, it appears that Plaintiff will allege damages in this case in excess of $75,000.

9. "[T]he proponent of [federal] jurisdiction . . . has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (internal citations omitted). Thus, based on the information available, the amount in controversy exceeds $75,000, exclusive of interests and costs required under 28 U.S.C. § 1332(a).

10. Accordingly, the requirements for complete diversity and amount in controversy are satisfied, and this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). This case is subject to removal in accordance with the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

11. Because the state court action was filed in Marion County, Indiana, the District Court for the Southern District of Indiana, Indianapolis Division, is the proper venue. *See* 28 U.S.C. §§ 1441(a) and 94(b)(1).

12. On August 3, 2020, a Notice of Filing of this Notice of Removal will be filed with the Marion County Superior Court via that court's electronic filing system and will be served upon all counsel in this action. A copy of that Notice is attached hereto as Exhibit 4.

WHEREFORE, the Defendant, Dolgencorp, LLC, by counsel, respectfully gives notice that this civil action is removed to this Court from the Marion County Superior Court.

Respectfully submitted,

*/s/ Katherine M. Haire*
Katherine M. Haire (31330-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road
Suite 200
Indianapolis, IN 46268
T: 317-352-5240
F: 317-228-0943
khaire@reminger.com
***Attorney for Defendant DOLGENCORP, LLC***

## **CERTIFICATE OF SERVICE**

I certify that on this day, August 5, 2020, the foregoing document was filed electronically using the Court's CM/ECF system, which sends electronic notification to all *registered* parties. I further certify that on the same day of filing, a copy of the foregoing document was sent by first class U.S. mail, postage pre-paid, to:

Chris Moeller (25710-49)
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN  47404
chrism@kennunn.com
*Attorney for Plaintiff*

                                         */s/Katherine M. Haire*
                                         Katherine M. Haire (#313390-49)
                                         REMINGER CO., LPA